IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cynthia Holmes,                          )
                                         )
                Plaintiff,               )
                                         )
v.                                       )          Civil Action No. 2:17-2491-BHH
                                         )
Thomas E. Price, Secretary of the Dept. )           **ORDER**
of Health and Human Services,            )
                                         )
                Defendant.               )
_____)

This matter is before the Court upon Plaintiff Cynthia Holmes' ("Holmes" or "Plaintiff") pro se complaint appealing a decision of the Medicare Appeals Council. The named Defendant is the Secretary of the United States Department of Health and Human Services. On July 5, 2018, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review. On October 30, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion. Plaintiff filed objections to the Report on November 19, 2019.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.* (citation omitted).  The plaintiff bears the burden of proof on questions of subject matter jurisdiction.  *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

### III.    Federal Rule of Civil Procedure 56

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### ANALYSIS

As an initial matter, the Court finds that Plaintiff's objections are untimely.  As previously mentioned, the Magistrate Judge filed his Report on October 30, 2018, and attached to the Report was a notice advising Plaintiff of her right to file specific, written objections to the Report within fourteen days after being served with a copy of the Report. Pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, the date of service is the date the Report was mailed to Plaintiff, which was October 30, 2018.  A party receives three additional days to file objections if served by mail or otherwise allowed under Rule 6 of the Federal Rules of Civil Procedure.  Here, adding three days of mail time, Plaintiff

needed to file her objections on or before Friday, November 16, 2018.[1]  However, Plaintiff did not file her objections with the Court until Monday, November 19, 2018.[2]  Thus, Plaintiff's objections are untimely.

Even leaving aside the issue of untimeliness, however, the Court also finds that Plaintiff's objections are not sufficiently specific.  In her 24 pages of objections, Plaintiff mentions the Report approximately four times.  First, she asserts on page one that she "respectfully enters objections to the Report and Recommendation."  (ECF No. 45 at 1.) Then, on page seven, she asserts that she requested disposition of this case by a district judge and "objects to the Magistrate's denial of that request and enters objections to the Report and Recommendation (R&R) in whole."  (*Id.* at 7.)  She contends that the Report omits materially important public issues and disputes the Report's purported facts without identifying which facts she disputes.  (*Id.*)  On page ten, Plaintiff states that the "R&R errs in effectively denying the intended beneficiary, the patient, the rights and protections Congress intended and granted to parties under HIPAA's Privacy Rule . . . ."  (*Id.* at 10.) Finally, on page thirteen, Plaintiff again asserts that she requested disposition by a district judge; she contends "there is and was no consent for R&R" and "disputes the R&R in whole."  (ECF No. 45 at 13.)  The remainder of Plaintiff's objections consist of portions of her prior response in opposition to Defendant's motion, and overall, the Court finds that Plaintiff does not specifically point to any errors in the Magistrate Judge's analysis of the

---

[1] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the Court excludes the date of mailing, October 30, 2018, and counts every day including intermediate Saturdays and Sundays.  Fed. R. Civ. P. 6. Thus, Plaintiff's fourteen days, plus three additional days allowed for service by mail, ended on Friday, November 16, 2018.

[2] The time stamp on Plaintiff's objections indicates that she filed them in person on Monday, November 19, 2018.

facts or law applicable to Plaintiff's claims.  (*Cf.* ECF No. 34 at 3-12 and ECF No. 45 at 12-22.)  Rather, Plaintiff simply reargues her entire case under the guise of objecting.

The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review.  *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D.Va. 2008).  Specifically, in *Veney*, the court stated:

> A general objection such as that offered by Plaintiff fails to satisfy the requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C).  *See United States v. Midgette*, 478 F.3d 616, 621-22 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); *Page v. Lee*, 337 F.3d 411, 416 n. 3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court. . . .").  Accordingly, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Hyatt v. Town of Lake Lure*, 314 F. Supp. 2d 562, 580 (W.D.N.C. 2003).

539 F. Supp. 2d 841, 845 (W.D.Va. 2008); *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017) (quoting the same).

In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief, and the court explained that it was improper for Plaintiff "to seek re-argument and reconsideration of her entire case in the guise of objecting."  *Id.* at 844; *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017). Indeed, the Court finds that such is the case here, and the Court agrees with *Veney* that allowing a litigant to seek *de novo* review of a case under these circumstances makes

reference to a Magistrate Judge useless. *See Veney*, 539 F. Supp. 2d at 845 (quoting *Howard*, 932 F.2d at 509) ("'The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.'"). As the Fourth Circuit explained in *Midgette*:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

478 F.3d at 22.

Moreover, with respect to Plaintiff's assertion that she requested disposition by a district judge and did not consent to the entry of a Report and Recommendation, 28 U.S.C. § 636(b)(1)(B) specifically permits a district judge to designate a magistrate judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition, but the judge of the court, of [motions to dismiss or for summary judgment]." And the Local Civil Rules for the District of South Carolina provide for the automatic reference to a magistrate judge of "all pretrial proceedings involving litigation by individuals proceeding pro se." Local Civil Rule 73.02(B)(2)(e). Thus, Plaintiff's argument that she did not consent to the Magistrate Judge's Report is unavailing.

In all, the Court finds that Plaintiff failed to make either timely or specific objections to the Magistrate Judge's Report, and "Plaintiff will not be given the second bite of the apple [he] seeks." *Veney*, 539 F. Supp. 2d at 846. Accordingly, Plaintiff is not entitled to

6

*de novo* review, and the Court simply must satisfy itself that the Magistrate Judge has made no clear error on the face of the record. *See also Holbrooks v. Colvin*, 2015 WL 5562736, *2 (D.S.C. Sept. 21, 2015) (reviewing a Magistrate Judge's Report for clear error where the plaintiff made general and conclusory objections). After review, the Court has no difficulty in finding that the Magistrate Judge's thorough and well-reasoned Report is void of clear error. Accordingly, the Court adopts the Magistrate Judge's Report in full, incorporates it herein, and finds that Plaintiff's Attachment A claims are subject to dismissal for lack of subject matter jurisdiction, and Plaintiff's Attachment B Claims are subject to summary judgment because substantial evidence supports Defendant's determination that Plaintiff failed to submit evidence to establish that the billed services were actually rendered and were medically necessary.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 43) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 45) are overruled; and Defendant's motion to dismiss and for summary judgment (ECF No. 30) is granted.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 26, 2019
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties have the right to appeal this order within the time period set forth in Rules 3 and 4 of the Federal Rules of Appellate Procedure.